William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
AMIN TALATI WASSERMAN, LLP
4660 La Jolla Village Drive,
Suite 100 #1049
San Diego, CA 92122
Tel:    (213) 933-2330
Fax:    (312) 884-7352
william@amintalati.com
matt@amintalati.com

Attorneys for Defendant Game Time Supplements, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HELEMS, on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GAME TIME SUPPLEMENTS, LLC dba RSP NUTRITION, a Florida corporation,<br><br>Defendant. | Case No.  22-cv-1122-L-AHG<br><br>**DEFENDANT GAME TIME SUPPLEMENTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:  November 14, 2022<br>Time:  10:30 a.m.<br>Hon. M. James Lorenz |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     PLAINTIFF'S ALLEGATIONS .......................................................................... 2

        A.      The AminoLean Product. ......................................................................... 2

        B.      Plaintiff's Claims. .................................................................................... 3

III.    LEGAL STANDARDS ........................................................................................ 4

IV.     ARGUMENT ....................................................................................................... 5

        A.      Plaintiff Lacks Standing to Pursue Injunctive Relief. ............................. 5

        B.      Federal Law Preempts Plaintiff's Claims. ............................................... 7

        C.      Plaintiff Fails to Allege Any Claims for Equitable Relief Because He Does
                Not Allege Any Facts Establishing Inadequacy of Legal Remedies. .......... 12

        D.      Plaintiff's FDUTPA Claim Fails Because the FDUTPA Does Not Apply
                Extraterritorially to Plaintiff's California Purchase. ................................ 15

        E.      The Unjust Enrichment Claim Fails as a Matter of Law. ......................... 15

        F.      Plaintiff States No Claim Under the CLRA, UCL,  or FAL Because He
                Does Not Allege Actual Reliance. ............................................................ 16

        G.      The Unjust Enrichment Claim is Not Susceptible to Class Treatment. ....... 16

V.      CONCLUSION .................................................................................................. 20

TABLE OF CONTENTS

1
2`
3

# TABLE OF AUTHORITIES

**State Cases**

*Bank of the West v. Sup. Ct. (Industrial Indem. Co.)*, 2 Cal.4th 1254
(1992)..................................................................................................12

*Bonina v. Sheppard*, 91 Mass. App. Ct. 622 (2017) ...........................17

*DeHavilland v. FX Networks, LLC*, 21 Cal.App.5th 845 (2018)..................15

*Hutson v. Rexall Sundown, Inc.*, 837 So.2d 1090 (Fla. Ct. App. 2003) ........15

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003)..........12

*Kwikset Corp. v. Superior Court*, 51 Cal.4th 310 (2011) ..............................16

*Princess Cruise Lines, Ltd. v. Superior Court*, 179 Cal.App.4th 36 (2010) ................16

**Federal Cases**

*Adams v. I-Flow Corp.*, No. CV09-09550, 2010 WL 1339948 (C.D. Cal.
Mar. 30, 2010) ......................................................................................13

*American Honda Motor Co., Inc. v. Motorcycle Information Network,
Inc.*, 390 F.Supp.2d 1170 (M.D. Fla. 2005) ..................................14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..........................................4, 5, 9, 10

*Barrett v. Optimum Nutrition*, No. CV 21-4398-DMG, 2022 WL
3452791 (C.D. Cal. July 18, 2022)..........................................14

*Bates v. United Parcel Service, Inc.*, 511 F.3d 974 (9th Cir. 2007) ................5

*Bauer v. Dean Morris, L.L.P.*, No. CIV.A. 08-5013, 2011 WL 3924963
(E.D. La. Sept. 7, 2011) .......................................................................19

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..........................................4

*Brodsky v. Apple Inc.*, 445 F.Supp.3d 110 (N.D. Cal. 2020).........................15

*Burke v. Weight Watchers Intern., Inc.*, 983 F.Supp.2d 478 (D.N.J. 2013) ...........8, 9, 10

*Chae v. SLM Corp.*, 593 F.3d 936 (9th Cir. 2010) ...........................................7

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) .............................................5

1

*City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630 (S.D. Fla. 2010) ........................................................................................ 19

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) ........................................ 6

*Clay v. American Tobacco Co.*, 188 F.R.D. 483 (S.D. Ill. 1999) ..................... 18

*Colella v. Atkins Nutritionals, Inc.*, 348 F.Supp.3d 120 (E.D.N.Y. 2018) ....... 7

*Corwin v. Lawyers Title Ins. Co.*, 276 F.R.D. 484 (E.D. Mich. 2011) ............ 18

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006) ..................................... 6

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) .................. 6

*Diamond Resorts U.S. Collection Development, LLC v. Pandora Marketing, LLC*, No. CV 20-5486 DSF, 2020 WL 8768056 (C.D. Cal. Nov. 9, 2020) ............................................................................................... 15

*Dial Complete Marketing and Sales Practices Litigation*, 312 F.R.D. 36 (D.N.H. 2015) ................................................................................................ 18

*Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677 (9th Cir. 2009) ....................... 17

*Donelson v. Ameriprise Financial Services, Inc.*, 999 F.3d 1080 (8th Cir. 2021) ............................................................................................................. 17

*Duttweiler v. Triumph Motorcycles (America) Ltd.*, No. 14-cv-04809-HSG, 2015 WL 4941780 (N.D. Cal. 2015) .................................................. 14

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) ..................................... 17

*Greenberg v. Target Corp.*, 985 F.3d 650 (9th Cir. 2021) ......................... 7, 9

*Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945) ....................... 13

*In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litigation*, 276 F.R.D. 336 (W.D. Mo. 2011) .............................................. 19

*In re ConAgra Foods, Inc.*, 90 F.Supp.3d 919 (C.D. Cal. 2015) .............. 18, 19

*In re Sears, Roebuck & Co. Tools Marketing and Sales Practices Litigation*, MDL No. 1703, 2007 WL 4287511 (N.D. Ill. Dec. 4, 2007) .................. 19

TABLE OF AUTHORITIES

*Jackson v. General Mills, Inc.*, No. 18cv2634-LAB (BGS), 2020 WL
    5106652 (S.D. Cal. Aug. 28, 2020) ................................................................6

*John v. National Sec. Fire & Cas. Co.*, 501 F.3d 443 (5th Cir. 2007) ...........................17

*Jones v. Rath Packing Co.*, 430 U.S. 519, 97 S. Ct. 1305, 51 L.Ed.2d 604
    (1977).................................................................................................................7

*Joslin v. Clif Bar & Company*, No. 4:18-cv-04941-JSW, 2019 WL
    5690632 (N.D. Cal. Aug. 26, 2019) ............................................................6

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) .......................................5, 16

*Klein v. Facebook, Inc.*, 80 F.Supp.3d 743 (N.D. Cal. 2022)....................................15

*Metague v. Woodbolt Distribution*, No. 8:20-cv-02186-PX, 2021 WL
    2457153 (D. Md. June 16, 2021)................................................................11

*Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191 (N.D. Cal. 2016)................................12

*Murj, Inc. v. Rhythm Management Group, Inc.*, No. 5:21-cv-00072-EJD,
    2022 WL 3589574 (N.D. Cal. Aug. 22, 2022)............................................13

*Peviani v. Natural Balance, Inc.*, 774 F.Supp.2d 1066 (S.D. Cal. 2011).....................16

*Puerto Rico v. Franklin California Tax-Free Trust*, 579 U.S. 115, 136 S.
    Ct. 1938, 195 L.Ed.2d 298 (2016)................................................................7

*RePET, Inc. v. Zhao*, No. EDCV 15-2315-VAP, 2106 WL 11634745
    (C.D. Cal. Sept. 2, 2016) ...............................................................................9

*Rhynes v. Stryker Corp.*, No. 10-cv-5619 SC, 2011 WL 2149095 (N.D.
    Cal. May 31, 2011)........................................................................................13

*Riegel v. Medtronic, Inc.*, 552 U.S. 312, 125 S. Ct. 1788, 161 L.Ed.2d
    687 (2008).......................................................................................................7

*Robie v. Trader Joe's Company*, No. 20-CV-07355-JSW, 2021 WL
    2548960 (N.D. Cal. June 14, 2021)..............................................................14

*Roche v. Zenith Ins. Co.*, No. 07-CV-0875-MJR, 2009 WL 1657901
    (S.D. Ill. June 11, 2009)................................................................................19

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) .....................................5

- 3 -
TABLE OF AUTHORITIES

*Sallee v. Dollar Thrifty Automotive Group, Inc.*, No. 14-CV-250-GKF, 2015 WL 1281518 (N.D. Okla. Mar. 20, 2015) .......................................................... 15

*Schroeder v. United States*, 569 F.3d 956 (9th Cir. 2009) ................................................ 13

*Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW, 2013 WL 6729802 (C.D. Cal. Dec. 16, 2013) .................................................................................... 5

*Silva v. Todisco Services, Inc.*, 34 Mass.L.Rptr. 647, 2018 WL 1413763 (Mass. Super. Ct. 2018) .................................................................................................... 17

*Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020) ................................ 13

*Spreewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001). ............................... 5

*Turnier v. Bed Bath & Beyond Inc.*, 517 F.Supp.3d 1132 (S.D. Cal. 2021) ................. 14

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009) ....................................... 18

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ..................................... 5

*Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011) .................................................... 17

*Watkins v. MGA Entertainment, Inc.*, 550 F.Supp.3d 815 (N.D. Cal. 2021) ...................................................................................................................... 5, 16

**Statutes**

21 U.S.C. § 343 ............................................................................................................. 7, 9

21 C.F.R. § 101.9 ............................................................................................... 1, 3, 8, 10

21 C.F.R. § 101.36 .......................................................................................... 1, 2, 3, 8, 11

Cal. Bus. & Prof. Code § 17200 ................................................................................. 4, 12

Cal. Bus. & Prof. Code § 17500 ................................................................................. 4, 12

Cal. Civ. Code § 1750 .................................................................................................. 4, 13

Cal. Civ. Code § 1781 ....................................................................................................... 13

Cal. Civ. Code §1782 ........................................................................................................ 13

Fed. R. Civ. P. 8 .................................................................................................................. 4

Fed. R. Civ. P. 9 .......................................................................................................... 5, 16

Fed.R.Civ.P. 12. ............................................................................................................. 4, 5

TABLE OF AUTHORITIES

## I.      INTRODUCTION

Plaintiff Jesse Helems alleges that Defendant Game Time Supplements, LLC misrepresented the calories per serving contained in Defendant's AminoLean product, an amino acid dietary supplement (the "Product"). His claims, however, are categorically preempted by federal law. The Food and Drug Administration's regulations provide that calorie content may be calculated by any one of five different methods. One of those FDA-approved methods "assigns 4, 4, and 9 calories per gram of protein, total carbohydrate, and total fat, respectively[.]" 21 C.F.R. § 101.9(c)(1)(i)(B). Further, the FDA regulations provide that anything less than 5 calories per serving may be declared as zero calories. Plaintiff does not allege facts establishing that the Product contains any total carbohydrate or total fat that, under the 4, 4, 9 method, would result in five or more calories per serving. Instead, Plaintiff's theory is that the *individual amino acids* contained in the Product should be counted as "protein" for purposes of the 4, 4, 9 method. The FDA regulations, however, instruct that individual amino acids shall *not* be declared as protein. 21 C.F.R. § 101.36(b)(2)(i).

Therefore, simple application of the 4, 4, 9 method to the facts alleged on the face of the Complaint reveals not only that Plaintiff's claims lack plausibility, but that what he is trying to do is count individual amino acids as if they are "protein." That effort runs headlong into federal preemption: Plaintiff, through state law claims, is seeking to establish requirements for nutrition labeling of food that are not identical to the FDA regulations. He cannot do so. His entire Complaint fails as a matter of law.

Beyond preemption, however, his claims also suffer from other defects:

- Plaintiff fails to plead facts establishing any Article III standing to pursue injunctive relief.

- Plaintiff fails to state any claims for equitable relief because he fails to plead facts plausibly establishing his legal remedies are inadequate.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

- Plaintiff states no claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") because he made his purchase in California and the FDUTPA does not apply extraterritorially.

- Plaintiff states no claim for unjust enrichment, as California law does not recognize a separate cause of action for unjust enrichment.

- Plaintiff states no claim under the CLRA, UCL or FAL because he fails to allege that he read and relied on the AminoLean calorie claim when he purchased the Product.

- The Court should dismiss the nationwide class allegations as to the unjust enrichment claim because it is obvious from the Complaint that the claim cannot move forward on a class-basis. Unjust enrichment requires individualized consideration of each party's expectations, motivations and purchasing decisions. Courts have repeatedly held that unjust enrichment claims are not suitable for class treatment.

## II.    PLAINTIFF'S ALLEGATIONS

### A.    The AminoLean Product.

Plaintiff alleges Defendant manufactures and sales a dietary supplement powder named AminoLean (the "Product"). (Dkt. 1, ¶ 2.) The Product contains individual amino acids to support exercise and muscle recovery. (*Id.*) The Complaint includes images of the Product's labeling, including the Supplement Facts panel. (*Id.* ¶ 22.)

As can be seen from the Supplement Facts panel, the Product does not contain any total fat, and contains less than one gram (<1 g) of total carbohydrates. (*Id.*) The Complaint does not allege that the Product contains any total fat. Similarly, the Complaint does not allege that the product contains any more total carbohydrates than stated on the Supplement Facts panel (i.e., less than one gram). (*See id.*)

The Product also does not contain protein. (*See id.*) The FDA mandates that individual amino acids shall *not* be declared as protein. 21 C.F.R. § 101.36(b)(2). Proteins

are not free form amino acids but rather "long, complex polymers of alpha amino acids." 83 Fed. Reg. 63817, 63820 (Dec. 12, 2018); *see also* 81 Fed. Reg. 33742, 33870 (May 27, 2016) (FDA declining to define protein as "a chain of amino acids connected by peptide bonds" because the definition is "overly simplistic and would not prevent the declaration of compounds such as di- and tri-peptides from being declared as protein on the label"); www.merriam-webster.com/dictionary/protein (defining protein as "any of various naturally occurring extremely complex substances that consist of amino-acid residues joined by peptide bonds, containing the elements of carbon, hydrogen, nitrogen, oxygen, usually sulfur, and occasionally other elements"). As Plaintiff admits, the Product includes the following individual amino acids: Taurine; Beta-alanine; L-Glutamine; L-Arginine; L-Leucine; L-Citrulline; L-Isoleucine; L-Valine; L-Tyrosine; L-Histidine; L-Lysine; L-Phenylalanine; L-Threonine; and L-Methionine. (Dkt. 1, ¶¶ 22, 28 [admitting the Product contains 5 grams of amino acids].)  While the Product contains these individual amino acids, the Complaint does not allege that the Product contains *any* long, complex polymer of amino acids that would constitute a *protein*.

Tellingly, in the Complaint, Plaintiff does not allege that the Product's Supplement Facts should have declared any grams of protein per serving. That is because the Product does not contain protein, and the FDA regulations forbid any declaration to the contrary. *See* 21 C.F.R. § 101.36(b)(2).

In sum, the Complaint does not contain any plausible factual allegations that the Product contains any grams of protein or total fat, or that it contains an amount of total carbohydrates that, upon application of the 4, 4, 9 method set forth in 21 C.F.R. § 101.9(c)(1)(i)(B), would result in 5 or more calories per serving.

### B.    Plaintiff's Claims.

Plaintiff alleges that, on May 13, 2022, he purchased the Product a single time from Amazon.com for a total cost of $45.22. (Dkt. ¶ 6.) Plaintiff does not allege that he read, let alone relied upon, the AminoLean label claim regarding calories per serving before

- 3 -

making his purchase. (*See id.*) He also does not allege that he read or relied upon any other AminoLean advertising regarding calories per serving before making his purchase. (*See id.*) Through artful pleading, he expounds on how his "fitness journey" has been "accomplished in large part by researching supplements, carefully evaluating their label claims, and carefully measuring his caloric intake[,]" but that allegation is entirely general and not specific to his alleged purchase in this case. (*Id.* ¶ 8.) Again, he never alleges that he read and relied upon the *AminoLean calorie claim* before making his single alleged purchase of that Product.

Seeking to represent both a nationwide class and a California subclass, Plaintiff attempts to assert the following claims: (1) violation of the FDUTPA, Fla. Stat. 501.204, et seq. (nationwide class); (2) violation of the "unfair" prong of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, et seq. (California subclass); (3) violation of the UCL's "fraudulent" prong (California subclass); (4) violation of the UCL's "unlawful" prong (California subclass); (5) violation of California's False Advertising Law ("FAL"), Bus. & Prof. Code § 17500, et seq. (California subclass); (6) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq. ("CLRA") (California subclass); and (7) unjust enrichment.

## III.   LEGAL STANDARDS

The court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8, 12(b)(6). Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The complaint must state sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Allegations that are merely consistent with liability do not suffice. *Id.*

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The court does not accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. A "naked assertion" devoid of "further factual enhancement" does not suffice. *Id.* (citation omitted). The court also need not accept unwarranted deductions of fact or unreasonable inferences. *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Determining whether allegations amount to a "plausible" claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 669.

Claims sounding in fraud must also meet Rule 9(b)'s particularity requirements. Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1123 (9th Cir. 2009); *Watkins v. MGA Entertainment, Inc.*, 550 F.Supp.3d 815, 833 (N.D. Cal. 2021). Rule 9(b) requires not only that Plaintiff identify with particularity the advertising on which she supposedly relied ("the who, what, when, where and how of the misconduct charged", *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)), but that she "allege specific facts showing that [she] relied on the alleged misrepresentations or omissions." *Watkins*, 550 F.Supp.3d at 833.

Additionally, Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The court sustains a facial attack on subject matter jurisdiction if "the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## IV.   ARGUMENT

### A.   Plaintiff Lacks Standing to Pursue Injunctive Relief.

Because standing is a threshold issue, Defendant addresses it first. *See Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). To having standing to seek injunctive relief, the plaintiff must show he is likely to suffer future injury from the defendant's conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Plaintiff

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

bears the burden to establish standing for his injunctive relief claim. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 and n.3 (2006); *Jackson v. General Mills, Inc.*, No. 18cv2634-LAB (BGS), 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020).

While a "customer who is deceived by false advertising *may* have standing to seek injunctive relief forbidding the defendant from engaging in the same false advertising again[,]" the "consumer must still establish the threat of actual and imminent injury." *Jackson*, 2020 WL 5106652, at *5 (discussing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018)) (emphasis in original). The "threatened injury must be certainly impending to constitute injury in fact, and . . . allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal citations omitted).

Here, Plaintiff fails to allege any facts establishing standing to pursue injunctive relief. The Complaint does not include any allegation that Plaintiff intends to, or even desires to, purchase the Product in the future. *See Davidson*, 889 F.3d at 970 (consumer may be able to plausibly allege standing to seek injunctive relief where consumer desires to purchase the product again); *Joslin v. Clif Bar & Company*, No. 4:18-cv-04941-JSW, 2019 WL 5690632, at *3 (N.D. Cal. Aug. 26, 2019) (no standing for injunctive relief where "Plaintiffs do not allege they want to or intend to purchase the Products in the future"). For this reason alone, Plaintiff has failed to allege facts establishing standing to seek injunctive relief.

Further, Plaintiff alleges he is now aware the Product is not (according to him) zero calories per serving, and that he could reach that conclusion simply by seeing the Product has 5 grams of amino acids per serving. (*See* Dkt. 1, ¶¶ 28-29.) "[W]here a plaintiff learns information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward, an injunction would serve no meaningful purpose as to that plaintiff." *Jackson*, 2020 WL 5106652, at *5; *accord Joslin*,

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

2019 WL 5690632, at *4. For each of these independent reasons, Plaintiff fails to allege standing for any injunctive relief claim.

### B.     Federal Law Preempts Plaintiff's Claims.

Through his state law claims, Plaintiff is attempting to impose a food labeling requirement—namely, a method for determining calories per serving—different from that permitted by the Federal Food, Drug, and Cosmetic Act ("FDCA"), as amended by the Nutrition Labeling and Education Act ("NLEA"). As explained below, his claims are preempted.

#### 1.   Preemption generally.

Where federal requirements address the subject matter that is being challenged through state law claims, such state law claims are preempted to the extent they do not impose identical requirements. *Greenberg v. Target Corp.*, 985 F.3d 650, 655 (9th Cir. 2021); *Colella v. Atkins Nutritionals, Inc.*, 348 F.Supp.3d 120, 130 (E.D.N.Y. 2018). Federal requirements that preempt state law requirements also preempt common law duties. *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 324, 125 S. Ct. 1788, 161 L.Ed.2d 687 (2008).

Express preemption applies when Congress's intent to preempt state law is explicitly stated in the statute's language. *Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S. Ct. 1305, 51 L.Ed.2d 604 (1977); *Chae v. SLM Corp.*, 593 F.3d 936, 941 (9th Cir. 2010). Where a statute includes an express preemption clause, the court does not invoke any presumption against preemption but instead focuses on the plain wording of the statute, "which necessarily contains the best evidence of Congress' pre-emptive intent." *Puerto Rico v. Franklin California Tax-Free Trust*, 579 U.S. 115, 125, 136 S. Ct. 1938, 195 L.Ed.2d 298 (2016).

#### 2.   The relevant FDCA provisions and implementing regulations.

Under the FDCA, the nutrition labeling of food must provide the total number of calories per serving, if any. 21 U.S.C. § 343(q)(1)(C). The implementing regulations

explain that the "total number of calories" can be calculated using any one of five methods (the "Five Methods"):

(1) the Atwater method;

(2) a method that assigns 4, 4, and 9 calories per gram for protein, total carbohydrate, and total fat, respectively;

(3) a method that assigns 4, 4 and 9 calories per gram for protein, total carbohydrate less the amount of insoluble dietary fiber, and total fat, respectively;

(4) data for specific food factors for particular foods or ingredients approved by the Food and Drug Administration (FDA); or

(5) bomb calorimetry data.

21 C.F.R. § 101.9(c); *accord Burke v. Weight Watchers Intern., Inc.*, 983 F.Supp.2d 478, 483 (D.N.J. 2013). Section 101.9(c) does not dictate which of the Five Methods is to be used in particular situations and provides no restrictions or limitations on what method a company may choose to use for its particular products. *See* 21 U.S.C. § 101.9(c). Under any of the Five Methods, any amount less than five calories per serving may be considered zero calories. *Id.* § 101.9(c)(1)(ii). A "safe-harbor" provision also affords companies a 20% margin of error on the total number of calories measured by any of the Five Methods. 21 C.F.R. § 101.9(g)(5).

The FDA regulations instruct that individual amino acids shall *not* be declared as protein. 21 C.F.R. § 101.36(b)(2)(i). "[P]rotein, by definition, is composed of chains of amino acids connected together by peptide bonds. Such linkages are not found in products composed of free form amino acids." 60 Fed. Reg. 67194, 67198 (Dec. 28, 1995). Because proteins are "long, complex polymers of alpha amino acids" (83 Fed. Reg. 63817, 63820), the FDA has declining to define protein even as "a chain of amino acids connected by peptide bonds" because the definition is "overly simplistic and would not prevent the declaration of compounds such as di- and tri-peptides from being declared as protein on the label." 81 Fed. Reg. 33742, 33870.

"To avoid a patchwork quilt of conflicting state labeling laws, the FDCA includes a preemption provision that establishes a national and uniform standard for certain labeling statements." *Greenberg*, 985 F.3d at 655. "To the extent state law 'directly or indirectly establish[es] . . . any requirement for nutrition labeling of food that is not identical to the requirement of [S]ection 343(q),' the state law is preempted." *Burke*, 983 F.Supp.2d at 483 (quoting 21 U.S.C. § 343-1(a)(4)). This express preemption provision applies unless "the state law seeks to impose liability consistent with Section 343(q)." *Id.* In *Burke*, the court explained:

> To illustrate this, consider an individual who brings a state law claim for deceptive advertising, arguing that a product's label provides false information about calorie content. Say, for example, the product's label indicates 100 calories. Say further that a test performed using one of the Five Methods yields a measurement of 120 calories. Then the product's label complies with the FDCA's labeling requirements. That is because the calorie value measured using one of the Five Methods (120 calories) does not exceed by more than 20% the calorie value listed on the label (100 calories). Because the product's label complies with the FDCA's safe harbor, the state law false advertising claim would be preempted. However, if all of the Five Methods yield a calorie value greater than 120, then the product's label would violate the FDCA, and the state law false advertising claim would not be preempted.

983 F.Supp.2d at 483.

### 3. The Complaint reveals Plaintiff's claims are preempted.

Applying the foregoing principles to Plaintiff's allegations reveals his claims are preempted. On a motion to dismiss, a court need not credit conclusory or contradictory allegations. *Iqbal*, 556 U.S. at 681; *RePET, Inc. v. Zhao*, No. EDCV 15-2315-VAP, 2106 WL 11634745, at *5 (C.D. Cal. Sept. 2, 2016) (contradictory allegations are inherently

- 9 -

implausible and fail to comply with *Iqbal*). Here, Plaintiff's allegations regarding the Five Methods are not only conclusory but contradicted by other facts in the Complaint.

First, Plaintiff makes only the conclusory allegation that "[u]nder any of the FDA's relevant Five Methods, the Product is mislabelled [sic] [.]" (Dkt. 1, ¶ 34.) This is nothing more than a conclusory, "formulaic recitation of the elements" and is "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. For example, Plaintiff does not allege any *factual* content to lend any plausibility to his "conclusion" that the 4, 4, 9 method set forth in 21 C.F.R. § 101.9(c)(1)(B) results in any calories at all, let alone any amount that must be declared on the label. While he alleges that his counsel had a laboratory conduct bomb calorimetry analysis on the Product (Dkt. 1, ¶¶ 30-31), bomb calorimetry is only *one* of the approved Five Methods. He does not allege well-pleaded factual content establishing five or more calories per serving (plus the 20% safe harbor) under *all* of the Five Methods. *See Burke*, 983 F.Supp.2d at 483 (dismissing claims as preempted where the plaintiff failed to plead facts establishing "she tested the Ice Cream Candy Bar using every one of the Five Methods").

Second, Plaintiff's conclusory allegation regarding the Five Methods is rendered implausible in any event by the other facts and allegations of the Complaint. Take, for example, the 4, 4, 9 method that assigns "4, 4, and 9 calories per gram for protein, total carbohydrate, and total fat, respectively." 21 C.F.R. § 101.9(c)(1)(B). Plaintiff does not allege anywhere in the Complaint that the Product contains any total fat. The Supplement Facts panel does not show any grams of total fat. (*See* Dkt. 1, ¶ 22.) The Complaint also does not allege that the product contains any more total carbohydrates than stated on the supplement facts panel (i.e., less than one gram). (*See id.*) Even 1 gram of total carbohydrates is only 4 calories under the 4, 4, 9 method, which may be declared as zero calories (as it is less than 5 calories). Thus, it is apparent that the *only* way the 4, 4, 9 method could result in the calories per serving alleged by Plaintiff would be if Plaintiff is counting the *individual amino acids* as "protein," even though the FDA mandates that

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

such amino acids shall not be treated as protein. *See* 21 C.F.R. § 101.36(b)(2)(i). Apart from the individual amino acids (which Plaintiff is incorrectly counting as "protein"), the Complaint does not allege the presence (or amount) of *any* protein in the Product.

In fact, Plaintiff concedes he is counting as "protein" the 5 grams of individual amino acids per serving contained in the Product. (Dkt. 1, ¶¶ 28-29.) He confirms that concession by attempting to rely on a particular FDA guidance document that he alleges provides an "example of labeling calories for an amino acid-based supplement[.]" (Dtk. 1, ¶ 27.) That "Frequently Asked Questions" (FAQ) document, however, merely discusses *font size* and graphic *formatting* requirements for Supplement Facts panels; it does not purport to be guidance on *how* to calculate calories. (*See* https://www.fda.gov/media/99158/download, cited in paragraph 27 of the Complaint.) Plaintiff touts one Supplement Facts panel in the FAQ guidance in which a product containing "approximately 4 grams of amino acids" is shown as having 15 calories. (Dkt. 1, ¶ 27.) That example does not help him at all. Not only is the example provided merely to show new font size and design formats for Supplement Facts panels, nothing in the guidance states that any of the examples is intended to show how to *calculate* calories, let alone under all the Five Methods. To the extent any thought was even given in the guidance to the number of calories contained in the example, the guidance does not state that the 4, 4, 9 method was used and does not state that individual amino acids should be counted as protein under the 4, 4, 9 method. Even if the FAQ document had suggested any such thing, it would conflict with the *regulation*, which provides that individual amino acids shall not be declared as protein. 21 C.F.R. § 101.36(b)(2)(i).

Plaintiff may rely on *Metague v. Woodbolt Distribution*, No. 8:20-cv-02186-PX, 2021 WL 2457153 (D. Md. June 16, 2021), in which a district court found the plaintiff's claims were not preempted. Defendant respectfully submits the decision in *Metague* provides little reasoning for the outcome there and the court in that case appears to have accepted the facile notion that the FDA FAQ document is guidance on how to *calculate*

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

calories under each of the Five Methods, which it plainly is not. The *Metague* court also appears to have mistakenly accepted the notion that individual amino acids should be considered "protein." Furthermore, Defendant's arguments here are based on the specific insufficiencies in Plaintiff's Complaint in the present case, as previously discussed.

For all these reasons, Plaintiff has failed to plausibly allege that the Product should have declared any calories per serving. All of the claims in his Complaint necessarily rely on counting individual amino acids as "protein" for purposes of the 4, 4, 9 method. All his claims are therefore preempted, as they seek to impose a requirement (counting amino acids as protein) different from federal law.

Rather than hiding behind the conclusory, formulaic recitations that the Five Methods all yield 5 or more calories per serving, Plaintiff must allege *factual content* sufficient to make plausible that the Product contains amounts of total carbohydrate, total fat or *protein* (not individual amino acids) resulting in five or more calories per serving (plus the 20% safe harbor) under all Five Methods, including the 4, 4, 9 method. Because, consistent with Rule 11, he cannot do so, his claims should not only be dismissed, but dismissed without leave to amend.

### C. Plaintiff Fails to Allege Any Claims for Equitable Relief Because He Does Not Allege Any Facts Establishing Inadequacy of Legal Remedies.

In Counts 2 through 5, Plaintiff alleges violations of the UCL and FAL. UCL and FAL claims are equitable claims providing only equitable relief. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003) (the UCL and FAL provide a private party with only two potential remedies: an injunction and restitution); *Bank of the West v. Sup. Ct. (Industrial Indem. Co.)*, 2 Cal.4th 1254, 1266 (1992) (neither actual nor compensatory damages may be awarded under the UCL); *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) ("[T]he UCL provides only the equitable remedies of restitution and injunctive relief. A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." (quotation

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

and citation omitted)). In Counts 1 and 6, Plaintiff alleges an FDUTPA claim and a CLRA claim. Both the FDUTPA and the CLRA provide for both legal remedies (money damages) and equitable remedies. Fla. Stat. 501.211; Cal. Civ. Code §§ 1781, 1782. In Count 7, Plaintiff seeks the equitable remedies of disgorgement and restitution. (Dkt. 1, ¶ 120-121.)

Before a party can avail herself of a federal court's equitable jurisdiction, she must demonstrate that she lacks an adequate remedy at law. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105-06 (1945); *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 842-44 (9th Cir. 2020); *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009); *Moss*, 197 F. Supp. 3d at 1203. This is true even where a plaintiff attempts to plead equitable relief in the alternative. *Rhynes v. Stryker Corp*., No. 10-cv-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011)). "Where the claims pleaded by a plaintiff may entitle her to an adequate remedy at law, equitable relief is unavailable." *Id.*; *accord Adams v. I-Flow Corp.*, No. CV09-09550, 2010 WL 1339948, at *7 (C.D. Cal. Mar. 30, 2010).

In *Sonner*, the court held that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." 971 F.3d at 843-44. In *Sonner*, another food-labeling class action, the plaintiff brought claims for restitution under the UCL and CLRA, but also a claim for money damages under the CLRA. *Id.* at 838. The court dismissed the claims for restitution because plaintiff had an adequate legal remedy—namely, the CLRA damages claim. The Ninth Circuit affirmed, holding the plaintiff had failed to show how an award of damages under the CLRA would be inadequate in any way compared to restitution. *Id.* at 844; *see also Murj, Inc. v. Rhythm Management Group, Inc.*, No. 5:21-cv-00072-EJD, 2022 WL 3589574, at *5 (N.D. Cal. Aug. 22, 2022) (unjust enrichment dismissed for failure to plead inadequacy of legal remedies); *Barrett v. Optimum Nutrition*, No. CV 21-4398-DMG, 2022 WL 3452791, at

- 13 -

*1-2 (C.D. Cal. July 18, 2022) (dismissing claims for restitution and unjust enrichment, as complaint failed to plead facts establishing that restitution would go beyond the damages available to plaintiff or that legal remedies were inadequate); *Turnier v. Bed Bath & Beyond Inc.*, 517 F.Supp.3d 1132, 1140-1141 (S.D. Cal. 2021).

The same applies here. Plaintiff seeks to recover actual damages under the CLRA and the FDUTPA. (Dkt. 1, ¶¶ 72-73, 113.) The CLRA and FDUTPA claims for damages are based on precisely the same alleged conduct as all of Plaintiff's claims for restitution and injunctive relief—namely, the allegations that Defendant misrepresented the Product's calories per serving (*id.* ¶¶ 3-4), and that had Plaintiff known, he either would not have purchased the products or would have paid less for them. (*Id.* ¶ 46.) Plaintiff does not plead any facts which, if true, would show that an award of damages would not be an adequate remedy. In fact, the Complaint does not even allege the *conclusion* of an "inadequate" legal remedy; the Complaint never uses the word "inadequate" at all.

Therefore, the Court should dismiss Plaintiff's UCL and FAL claims (Counts 2 through 5), the unjust enrichment claim (Count 7), and Plaintiff's claims for any equitable relief under the CLRA and FDUTPA. *See Sonner*, 971 F.3d at 845; *American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.*, 390 F.Supp.2d 1170, 1178 (M.D. Fla. 2005) (dismissing claim for equitable relief that was "predicated on the same set of allegations supporting [plaintiffs'] claims under . . . the FDUTPA" because Plaintiffs failed to allege no adequate legal remedy exists); *Robie v. Trader Joe's Company*, No. 20-CV-07355-JSW, 2021 WL 2548960, at *6 (N.D. Cal. June 14, 2021) ("Because Plaintiff has not alleged she lacks an adequate remedy at law, the claims for equitable relief and restitution fail."); *Duttweiler v. Triumph Motorcycles (America) Ltd.*, No. 14-cv-04809-HSG, 2015 WL 4941780, at *8 (N.D. Cal. 2015) ("Duttweiler seeks damages under the CLRA for the exact same conduct that forms the basis of his UCL and FAL claims. Accordingly, in order to demonstrate some entitlement to equitable relief,

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Duttweiler was required to allege facts suggesting that damages under the CLRA alone would not provide adequate relief.").

**D.      Plaintiff's FDUTPA Claim Fails Because the FDUTPA Does Not Apply Extraterritorially to Plaintiff's California Purchase.**

Plaintiff fails to state a claim under the FDUTPA because he alleges his purchase took place in California, not Florida. (*See* Dkt. ¶¶ 6, 16-19.) The FDUTPA does not apply extraterritorially to purchases in California. *See Hutson v. Rexall Sundown, Inc.*, 837 So.2d 1090, 1095 (Fla. Ct. App. 2003) (FDUPTA is for the protection of in-state consumers and "[o]ther states can protect their own interests") (quotation omitted); *Diamond Resorts U.S. Collection Development, LLC v. Pandora Marketing, LLC*, No. CV 20-5486 DSF, 2020 WL 8768056, at *7 (C.D. Cal. Nov. 9, 2020) (dismissing FDUPTA claims because FDUTPA does not apply extraterritorially);  *Sallee v. Dollar Thrifty Automotive Group, Inc.*, No. 14-CV-250-GKF, 2015 WL 1281518, at *8 (N.D. Okla. Mar. 20, 2015) ("the FDUTPA does not apply extraterritorially and is therefore inapplicable to a Texas transaction").

**E.      The Unjust Enrichment Claim Fails as a Matter of Law.**

While the unjust enrichment claim fails because Plaintiff does not allege facts establishing his legal remedies are inadequate (see Section IV.C, *supra*), the claim also fails because California does not recognize a separate cause of action for unjust enrichment. *DeHavilland v. FX Networks, LLC*, 21 Cal.App.5th 845, 870 (2018) ("Unjust enrichment is not a cause of action."); *Klein v. Facebook, Inc.*, 580 F.Supp.3d 743, 829 (N.D. Cal. 2022) (collecting cases). "[C]ourts have consistently dismissed stand-alone claims for unjust enrichment." *Brodsky v. Apple Inc.*, 445 F.Supp.3d 110, 132 (N.D. Cal. 2020).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**F.   Plaintiff States No Claim Under the CLRA, UCL, or FAL Because He Does Not Allege Actual Reliance.**

Plaintiff's CLRA, FAL and UCL claims suffer from additional defects. The CLRA, FAL and UCL all require actual reliance. *Princess Cruise Lines, Ltd. v. Superior Court*, 179 Cal.App.4th 36, 46 (2010) (CLRA actions require reliance); *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 326 (2011) (the phrase "as a result of," as used in the UCL and FAL, means "'caused by' and requires a showing of a causal connection or reliance on the alleged misrepresentation"); *Peviani v. Natural Balance, Inc.*, 774 F.Supp.2d 1066, 1070 (S.D. Cal. 2011). Further, because Plaintiff's claims under the CLRA, FAL and UCL sound in fraud, they must meet Rule 9(b)'s particularity requirements. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1123 (9th Cir. 2009); *Watkins v. MGA Entertainment, Inc.*, 550 F.Supp.3d 815, 833 (N.D. Cal. 2021). Rule 9(b) requires not only that Plaintiff identify with particularity the advertising on which he supposedly relied ("the who, what, when, where and how of the misconduct charged", *Vess*, 317 F.3d at 1106), but that he "allege specific facts showing that [he] relied on the alleged misrepresentations or omissions." *Watkins*, 550 F.Supp.3d at 833.

Plaintiff has not alleged specific facts establishing he actually relied on the zero calorie claim in deciding to purchase the Product. He does not allege that he read the zero calorie claim at all before making the purchase. He makes general statements about he relies on "supplements' label claims . . . with intentionality" (Dkt. 1, ¶ 8), but never alleges he read the *AminoLean* zero calorie claim before making his purchase. If anything, he seems to be intentionally avoiding such an allegation. For this additional reason, he fails to state a CLRA, UCL or FAL claim.

**G.   The Unjust Enrichment Claim is Not Susceptible to Class Treatment.**

While the unjust enrichment claim fails in total (as already explained), even if it did not, the Court should dismiss the class allegations with respect to that claim. To proceed on a class basis, a complaint must plead the existence of a group of putative class

- 16 -

members whose claims are susceptible of resolution on a class-wide basis. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011) (holding the common issue of fact "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke"). What matters is not the raising of common questions—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers*. *Id.*

A court may dismiss or strike class allegations when it is apparent from the pleadings that the class cannot be certified. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim."); *Donelson v. Ameriprise Financial Services, Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021); *John v. National Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007); *Hernandez v. State Farm Fire & Casualty Company*, No. 16cv200-LAB, 2017 WL 932198, at *2 (S.D. Cal. Mar. 9, 2017).

Here, it is obvious from the pleading that Plaintiff cannot prosecute the unjust enrichment claim on a nationwide-class basis. With respect to unjust enrichment, "[t]he fact that a person has benefitted from another 'is not of itself sufficient to require the other to make restitution therefor.' . . . Restitution is appropriate 'only if the circumstances of its receipt or retention are such that, *as between the two persons*, it is unjust for [one] to retain it.'" *Id.* at 778 (quoting Restatement of Restitution § 1 comment c (1937)) (emphasis added); *accord Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 684 (9th Cir. 2009). There is no "presumption of reliance" on an unjust enrichment claim. Instead, "[a] highly individualized determination would be needed to determine the subjective expectations of each proposed class member[.]" *Silva v. Todisco Services, Inc.*, 34 Mass.L.Rptr. 647, 2018 WL 1413763, at *5 (Mass. Super. Ct. 2018) (quoting *Bonina v. Sheppard*, 91 Mass. App. Ct. 622, 625 (2017)). Unjust enrichment claims require

- 17 -

"individualized proof of causation" and are "packed with individual issues." *Clay v. American Tobacco Co.*, 188 F.R.D. 483, 500-01 (S.D. Ill. 1999). In *In re Dial Complete Marketing and Sales Practices Litigation*, 312 F.R.D. 36 (D.N.H. 2015), the court explained:

> An "unjust enrichment" claim would typically require a factual inquiry in the circumstances of each purchase to determine whether it would be "unjust" for the defendant to retain the alleged benefit. See 1 McLaughlin on Class Actions § 5:60 (11th ed.) ("The majority view is that unjust enrichment claims usually are not amenable to class treatment because the claim requires evaluation of the individual circumstances of each claimant to determine whether a benefit was conferred on defendant and whether the circumstances surrounding each transaction would make it inequitable for the Defendant to fail to return the benefit to each claimant."). Given the necessity for individualized inquiries into motivations and purchasing decisions, as well as the benefit defendant derived by the buyer . . . , the court concludes that the California plaintiffs' unjust enrichment claim is incapable of classwide proof.

*Id.* at 62-63. Put simply, "whether it would be *inequitable* for Dial to retain the revenue received from a particular buyer turns on the buyer's individual motivation, circumstances, and even individualized benefits derived from using the soap." *Id.* at 65.

Courts have repeatedly held that unjust enrichment claims are not suitable for class-wide resolution. *See, e.g., Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009). ("[C]ommon questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts."); *In re ConAgra Foods, Inc.*, 90 F.Supp.3d 919, 995 (C.D. Cal. 2015); *Corwin v. Lawyers Title Ins. Co.*, 276 F.R.D. 484, 490 (E.D. Mich. 2011) (unjust enrichment could not be tried on a class-wide basis because "individualized decisions on liability would have to be made on the unjust

- 18 -

enrichment count"); *Bauer v. Dean Morris, L.L.P.*, No. CIV.A. 08-5013, 2011 WL 3924963, at *6 (E.D. La. Sept. 7, 2011) ("plaintiffs' claims for unjust enrichment do not present common issues of liability. . . . [O]nly the element of 'no other available remedy at law' is susceptible to common analysis and resolution. The other elements require assessment of the specific facts and circumstances of each plaintiff's claim which would mandate a series of mini-trials, a necessity which class action litigation was designed to avert."); *In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litigation*, 276 F.R.D. 336, 344 (W.D. Mo. 2011); *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, 640 (S.D. Fla. 2010) (unjust enrichment claim could not proceed on class basis "because a claim for unjust enrichment requires the court to assess whether the individual circumstances of each particular claim would result in inequity"); *Roche v. Zenith Ins. Co.*, No. 07-CV-0875-MJR, 2009 WL 1657901, at *7 (S.D. Ill. June 11, 2009) ("it should be clear that class certification of the unjust enrichment claim is not warranted under Rule 23(b)(3)"); *In re Sears, Roebuck & Co. Tools Marketing and Sales Practices Litigation*, MDL No. 1703, 2007 WL 4287511, at *9 (N.D. Ill. Dec. 4, 2007) ("much more than just Sear's conduct is involved in proving unjust enrichment; the bulk of the proof will relate to individual factual issues").

Here, no class member could recover for unjust enrichment without proof of, and consideration of, the particular class member's individual purchasing circumstances, including whether the class member even read or relied on the protein content representations and the class members own motivations and interests. In *ConAgra*, in finding an unjust enrichment claim could not proceed on a class basis in similar circumstances, the court explained:

> Even if plaintiffs can prove that the "100% Natural" was false, it does not necessarily follow that ConAgra's retention of the full purchase price would be inequitable with respect to a consumer who did not notice or did not rely on the "100% Natural" claim. . . . Accordingly, the court concludes that even

- 19 -

though ConAgra made a common representation, individualized inquiries concerning the equities of individual class members' transactions will be required such that common questions do not predominate with respect to plaintiffs' unjust enrichment claim.

90 F.Supp.3d at 995.

This issue is particularly appropriate for resolution at the pleading stage. No amount of discovery will change the law of unjust enrichment or the individualized proof it requires. Accordingly, the Court should dismiss the class allegations as to the unjust enrichment claim.

## V.     CONCLUSION

For the foregoing reasons, the Court should grant the motion to dismiss in its entirety.

Dated:  October 14, 2022             AMIN TALATI WASSERMAN, LLP
                                     William P. Cole
                                     Matthew R. Orr


                                     By:*/s/ William P. Cole*
                                          William P. Cole

                                     Attorneys   for   Defendant   KSF   Acquisition
                                     Corporation

- 20 -

**CERTIFICATE OF SERVICE**

 I hereby certify that on October 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

     */s/William P. Cole*
     William P. Cole

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT